FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL CARRERA-VIRULA, | No. 06-73773 |
| Petitioner, | Agency No. A090-499-576 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Daniel Carrera-Virula, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") decision reversing the

Immigration Judge's grant of deferral of removal under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Torture. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir. 2003). The BIA's decision must be upheld unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

The BIA's conclusion that Carrera-Virula was not more likely than not to be tortured if removed to Guatemala is supported by substantial evidence, and the BIA applied the correct legal standard. See Reyes-Reyes v. Ashcroft, 384 F.3d 782, 788 (9th Cir. 2004); Zheng, 332 F.3d at 1194-96. There is no dispute that Carrera-Virula was tortured before he left Guatemala nearly 30 years ago. Carrera-Virula testified, however, that if he returned to Guatemala he would move to the capital city, where he would "[p]robably" be safe. Internal relocation is a factor the BIA must consider in determining whether a person will more likely than not be tortured. 8 C.F.R. § 1208.16(c)(3)(ii).

Carrera-Virula's due process argument fails because he does not explain how he was prejudiced by the gap in the transcript. See Tampubolon v. Holder, 610 F.3d 1056, 1063 (9th Cir. 2010) (prejudice is required for a due process

2

violation).  Further, the BIA found that any defect in the transcript did not materially affect its ability to review the issues on appeal.

Carrera-Virula claims that the BIA's remand to the Immigration Judge improperly prohibited him from presenting further evidence.  We lack jurisdiction over this issue because Carrera-Virula did not raise it before the BIA.  <u>See</u> 8 U.S.C. § 1252(d)(1); <u>Brezilien v. Holder</u>, 569 F.3d 403, 412 (9th Cir. 2009).

PETITION DENIED IN PART and DISMISSED IN PART.